UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-CIV-23570-UU

KINGDON KASE,

    Plaintiff,

v.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES;
MARGARITAVILLE HOLDINGS, LLC;
MARGARITAVILLE HOLDINGS II, LLC;
MARGARITAVILLE CARIBBEAN
LIMITED; and MARGARITAVILLE
(TURKS) LTD.;

    Defendants,
_____/

**DEFENDANT, MARGARITAVILLE CARIBBEAN, LTD.'S MOTION TO DISMISS THE PLAINTIFFS' AUGUST 18, 2016 COMPLAINT (D.E. 1) FOR INSUFFICIENCY OF PROCESS AND/OR INSUFFICIENCY OF SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SUPPORTING MEMORANDUM OF LAW**

    COMES NOW the Defendant, MARGARITAVILLE CARIBBEAN, LTD. ("MCL"), by and through its undersigned counsel and pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure hereby moves to dismiss the Plaintiffs' August 18, 2016 Complaint (D.E. 1) for the following reasons and authorities:[1]

---

[1] In support of this Motion, MCL relies upon the Declaration of Roland Clarke, MCL's Chief Financial Officer, that is attached hereto as Exhibit "A".

**MEMORANDUM OF LAW**

**I.     Introduction**

This action is brought by KINGDON KASE ("KASE") for personal injuries allegedly sustained in Turks and Caicos. (D.E. 1).  KASE alleges that he was injured while participating in the "Flow Rider" attraction. (D.E. 1, ¶¶61-62).

The "Flow Rider" attraction was located within an area known as the Grand Turk Cruise Center. (Exhibit "A", ¶25).  There are many vendors who operate within this location.  (Exhibit "A", ¶25; Exhibit "1" to Exhibit "A").  The Margaritaville Bar & Restaurant and Margaritaville's Trading Post were operated by Margaritaville (Turks) Limited ("MTL"). (Exhibit "A", ¶28).  MTL operated its businesses pursuant to a lease it had with Grand Turk Cruise Terminal, Limited, a Turks and Caicos company.  (Exhibit "A", ¶28). Neither MCL nor MTL operated, leased and/or controlled the "Flow Rider" attraction that KASE was allegedly injured on.  (Exhibit "A", ¶¶26, 27, 29, 30).  The "Flow Rider" attraction was not located on any property that MTL leased from Grand Turk Cruise Terminal, Limited.  (Exhibit "A", ¶31).

KASE's attempted service of process upon MCL is invalid.  More particularly, MCL has never maintained a registered agent and/or authorized representative to accept service of process on its behalf at the address noted in the summons.  (Exhibit "A", ¶7).  MCL has never maintained a registered agent and/or authorized representative to accept service of process in the State of Florida and/or anyone in the United States. (Exhibit "A", ¶8).  MCL's registered agent is GSO Corporate Services, Ltd. located in Nassau, Bahamas.  (Exhibit "A", ¶6).

2

CASE NO.:  16-CIV-23570-UU

KASE's specific personal jurisdiction allegations against MCL are located at paragraph 10 of his Complaint.  (D.E. 1, ¶10).  Given the facts alleged in his Complaint, KASE fails to plead the requisite allegations to establish specific personal jurisdiction over MCL.  More particularly, KASE's Complaint is devoid of the any allegations establishing "connexity" and/or nexus between the causes of action sued upon and any "suit-related conduct" of MCL in the state of Florida.  *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014).  Lastly, the Declaration of Roland Clarke, MCL's Chief Financial Officer, establishes that specific jurisdiction does not exist over MCL.  (Exhibit "A", ¶¶8-24).

KASE's general personal jurisdiction allegations against MCL are located at paragraphs 10(d) and 12 of his Complaint.  General personal jurisdiction does not exist over MCL.  Mr. Rowland Clarke establishes that MCL does not have the type of contacts with the state of Florida which would allow this Honorable Court to deem MCL to be "at home" for purposes of the heightened general personal jurisdiction standard enunciated by the United States Supreme Court in *Goodyear v. Dunlop Tires Operations v. Brown*, 131 S.Ct. 2846 (2011) and *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014).  (Exhibit "A", ¶¶8-24).  To exercise specific and/or general personal jurisdiction over MCL under the facts and circumstances of this case would offend traditional notions of fair play and substantial justice.  *Id.*

**II.    KASE's Complaint Against MCL Must Be Dismissed for Insufficiency of Process and/or Insufficiency of Service of Process**

The summons issued and served upon MCL notes the following address: 8795 Northwest 100th Street, Medley, Florida, 33178.  (D.E. 7).  This address, however, is not the address of MCL's designated/authorized representative to receive service of process on behalf of MCL.  (Exhibit "A", ¶7).  MCL's authorized registered agent is GSO

3

corporate Services, Ltd. who is located at: 303 Shirley Street, Nassau, Bahamas. (Exhibit "A", ¶6).

KASE did not serve MCL's designated/authorized registered agent. *Id.* KASE's Complaint against MCL must, therefore, be dismissed and service must be quashed pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. *See*, *Carcamo v. Norgas Carriers AS*, 09-81468-CIV-MARRA, 2010 WL 2926035, at *3 (S.D. Fla. 2010) (granting motion to dismiss because service of process on wholly-owned domestic subsidiary was insufficient to effectuate service of process on foreign parent company); *Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1357 (S.D. Fla. 2005) (granting motion to dismiss and finding plaintiff's reliance on service of process on  wholly-owned domestic subsidiary did not meet plaintiff's burden of proving proper service of process on foreign parent company); *McClenon v. Nissan Motor Corp. in U.S.A.*, 726 F. Supp. 822, 826–27 (N.D. Fla. 1989) (*citing Elmex Corp. v. Atlantic Federal Savings & Loan Ass'n*, 325 So.2d 58 (Fla. 4th DCA 1976)) (granting motion to quash service of process because plaintiff failed to make legally sufficient allegations that service of process on domestic subsidiary was proper because of control exercised by foreign parent company creating agency relationship; "Where substituted service is involved, legally insufficient allegations in the complaint are grounds for quashing service of process; the defendant need only file a simple, unsupported motion to quash") and *Wasden v. Yamaha Motor Co., Ltd.*, 131 F.R.D. 206 (M.D. Fla. 1990) (granting motion to quash service of process because service on a Japanese corporation's American subsidiary was ineffective service on the Japanese parent corporation under Florida law absent a showing that the subsidiary was in fact an agent

4

of the Japanese parent).

### III. KASE's Complaint Against MCL Must Be Dismissed for Lack of Specific and General Personal Jurisdiction

The determination of whether a federal court possesses personal jurisdiction over a nonresident defendant requires the following two-part analysis: (1) whether the Florida long-arm statute provides a basis for personal jurisdiction; and, if so, (2) whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment.  *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996); *Madara v. Hall,* 916 F.2d. 1510, 1514 (11th Cir. 1990) and *Tarasewicz v. Royal Caribbean Cruises Ltd.*, 2015 WL 3970546 * 14 (S.D.Fla. 2015).  It is a plaintiff's burden to establish a prima facie case of personal jurisdiction over a foreign defendant.  *Brown v. Carnival Corp.*, 2016 WL 4613385 (S.D.Fla. Aug. 15, 2016).  A plaintiff who seeks to subject a non-resident defendant to the jurisdiction of a court through the long-arm statute must do more than allege facts that show the possibility of jurisdiction.  *Jet Charter Service, Inc. v. Koeck,* 907 F. 2d 1110, 1112 (11th Cir. 1990).   A plaintiff must allege sufficient facts to make out a prima facie case of personal jurisdiction.  *Louis Vuitton Malletier*, *S.A. v. Mosseri*, 736 F.3rd 1339, 1350 (11th Cir. 2013).

When a defendant challenges a plaintiff's claims of personal jurisdiction through the filing of affidavits, documents and/or testimony, the burden then shifts to the plaintiff to prove that jurisdiction is proper.  *Jet Charter Service, Inc.* at 1112.  If the defendant sufficiently challenges the plaintiff's jurisdictional allegations, the plaintiff must then affirmatively support the jurisdictional contentions with record evidence and may not

merely rely upon the factual allegations set forth in the complaint.  *Prentice v. Prentice Colour, Inc.*, 779 F.Supp. 578, 586 (M.D. Fla. 1991).  Since the Florida long-arm statute is strictly construed, the plaintiff has the burden of proving facts which justify jurisdiction. *Oriental Imports And Exports, Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F. 2d 889, 891 (11th Cir. 1983).  Moreover, personal jurisdiction allegations which are conclusory and merely re-state the long-arm statute are insufficient as a matter of law. *Holguin v. Celebrity Cruises, Inc.*, 2010 WL 6711377 (S.D.Fla. July 19, 2010) and *Ellis v. Celebrity Cruises, Inc.*, 2010 WL 6730808 (S.D.Fla. July 15, 2010) (general allegations that, *inter alia*, merely tracked the language of Florida's long-arm statute were insufficient to establish personal jurisdiction).

   **1. Specific Personal Jurisdiction Over MCL Pursuant to Florida Statute §48.193(1)(a) Does Not Exist**

In order for a court to exercise specific personal jurisdiction under Florida Statute §48.193(1)(a), the cause of action sued upon must "arise from" certain enumerated acts occurring within the state of Florida.  It is well-settled that this "arise from" language contained in §48.193(1)(a) is known as the "connexity" requirement and that there must be nexus between the cause of action sued upon and the non-resident defendant's activities in the state of Florida. *Brown*, 2016 WL 4613385 at * 6 (specific personal jurisdiction did not exist over foreign defendant since the plaintiff failed to allege any nexus between the alleged tort and the defendant's activities in the state of Florida); *Waite v. AII Acquisition Corp.*, 2016 WL 2346743, S.D. Fla., May 4, 2016) ("Irrespective of Union Carbide's extensive contacts with Florida in the 1960's, 70's and 80's, Mr. Waite's causes of action (his malignant mesothelioma) did not arise from Defendant's 'actions within the forum'" and "[this Court] lacks jurisdiction over the Defendant

6

because Defendant's activities did not injure Mr. Waite"); *Carmouche v. Carnival Corporation*, 36 F.Supp.3d 1335, 1340 (S.D.Fla. 2014) (specific jurisdiction did not exist under Florida Statute §48.193(1)(a)(1) over claim brought by cruise passenger against Belize-based shore excursion operator for vehicle accident where there was no nexus between the cause of action sued upon and the operator's alleged contacts/activities in Florida—"no nexus exists between the alleged negligence and any of Defendant Tamborlee's Florida contacts to find specific jurisdiction"), *affirmed* at 789 F.3d 1201 (11th Cir. 2015); *Zapata v. RCCL, Ltd.*, 2013 WL 110028 *4 (S.D. Fla., March 15, 2013) (specific personal jurisdiction did not exist over plaintiff's wrongful death claim against Bermudan excursion operator for diving accident as there was no nexus between alleged tort and non-resident's activities in the state of Florida—"if Plaintiff relies on Fla.Stat. §49.193(1), then Plaintiff must show that there is a nexus between the alleged tort and Hartley's activities in Florida.  However, there is no nexus between the alleged negligence and the sale of the ticket for the excursion"); *Ash v. Royal Caribbean Cruises LTD.*, 991 F.Supp.2d 1214, 1217 (S.D.Fla. 2013) (specific personal jurisdiction did not exist over claim brought by passenger of cruise ship against tour operator arising out of bus accident occurring in St. Maarten was dismissed for lack of specific jurisdiction since there was no nexus between the incident and any alleged business activity in the state of Florida—"moreover, Plaintiffs allege that the claims arise out of event occurring in St. Maarten, not out of any business activity of Dutch Tours in Florida" and "…the mere fact that tickets to an excursion are sold in Florida through RCCL is insufficient to constitute doing business in the state of Florida"); *E & H Cruises, Ltd. v. Baker*, 88 So.3d 291 (Fla. 3d DCA 2012) ("we further note that the mere fact that

7

tickets to E & H's excursion tours are available for purchase in Florida through RCCL is also insufficient to constitute '[o]perating, conducting, engaging in, or carrying on a business or business venture' as required by §48.193(1)(a)."); *Island Sea-Faris, Ltd. v. Haughey* (Fla. 3rd DCA 2009) ("merely because the tickets for the shore excursions can be sold in Florida does not equate to Island Sea-Faris doing business in this state when it is undisputed that Island Sea-Faris never directly sold any tickets in Florida.  Even if Island Sea-Faris had sold the ticket in Florida (it was sold in Puerto Rico), there is no connexity between the alleged tort and the sale of the ticket"); and *Gadea*, 949 at 1149 ("here, there is no nexus between Gadea's personal injury claims and any contract or business activities between Star and any Florida entity.  "Although the term 'arising from' does not mean proximately caused by, it does require direct affiliation, nexus or a substantial connection to exist between the basis for the plaintiff's cause of action and the defendants business activity in the state."); *See also*, *Walden*, 134 S.Ct. at 1115 (2014) (for a state to exercise specific jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State).

Doing business in the State of Florida, standing alone, is not a sufficient basis to predicate long-arm jurisdiction—there must also be some nexus/connection between the business conducted by a foreign defendant in Florida and the cause of action alleged.  *Limardo v. Corporacion Intercontinental*, 590 F.Supp. 1109 (S.D.Fla. 1984) ("Any alleged negligence on the part of the hotel in the Dominican Republic has no real connection to the contractual arrangements for reservations made with an office of the hotel in Miami") and  *Bloom v. A.H. Pond Co., Inc.*, 519 F.Supp. 1162, 1168 (S.D. Fla.

Case 1:16-cv-23570-UU Document 24 Entered on FLSD Docket 09/14/2016 Page 9 of 16
CASE NO.: 16-CIV-23570-UU

1981) ("Personal jurisdiction over nonresident defendants in Florida is limited to situations where the cause of action arises from the doing of business in Florida or the cause of action has some other connection to a specified act committed in Florida. This has been described as the "connexity" requirement that must be met before jurisdiction over a nonresident can be sustained. It is clear that doing business in this state is not a sufficient basis, standing alone, upon which to predicate long-arm jurisdiction. There must also be some nexus or connection between the business that is conducted in Florida and the cause of action alleged.").

KASE's Complaint is devoid of the requisite allegations establishing a nexus between the causes of action sued upon and any "suit related conduct" of MCL in the state of Florida. *Walden*, 134 S.Ct. at 1121. KASE, therefore, has not triggered the application of any portion of Florida Statute §48.193(1)(a) that would justify the exercise of specific personal jurisdiction over MCL in this case and has not satisfied the first of the two-part jurisdictional analysis. *Sculptchair*, 94 F.3$^d$ at 626. For the same reasons, KASE has not established that it would be constitutionally permissible to exercise specific personal jurisdiction over MCL. *Id.* at 631, *See also*, *Madara*, 916 F.2d at 1516 ("This fair warning requirement is satisfied if the defendant has "purposefully directed" his activities at the forum [citations omitted] and the litigation results from alleged injuries that "arise out of or relate to" those activities). KASE's Complaint against MCL must, therefore, be dismissed for lack of specific personal jurisdiction.

    **2.    General Personal Jurisdiction Over MCL Pursuant to Florida Statute §48.193(2) Does Not Exist**

Florida Statute §48.193(2) allows a court to exercise general personal jurisdiction over a defendant "who is engaged in substantial and not isolated activity within this

state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the Courts of this state, whether or not the claim arises from that activity." Since the "substantial and not isolated activity" requirement of Florida Statute §48.193(2) has been recognized to be the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Due Process Clause, the analysis of whether general jurisdiction exists under these two areas merge. *Imaging Science Foundation, Inc.*, 2010 WL 2035323 * 5 (S.D.Fla. May 24, 2010) and *Kertesz v. Net Transactions, Ltd.*, 2009 WL 1810757 (S.D. Fla. June 24, 2009).  "The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment."  General personal jurisdiction does not exist over MCL.

In *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014), the United States Supreme Court stated the following with respect to the heightened general personal jurisdiction standard enunciated in *Goodyear v. Dunlop Tires Operations v. Brown*, 131 S.Ct. 2846 (2011): "Accordingly, the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'"  The *Daimler* Court also noted that while there may be an "exceptional case" that would warrant the exercise of general personal jurisdiction over a foreign defendant, such a case would have to involve a foreign defendant whose "operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State."  *Id.* at p. 761, n. 19.

The aforementioned heightened *Goodyear/Daimler* general personal jurisdiction standard has been applied by several federal courts within this jurisdiction including *Brown*, 2016 WL 4613385 at * 6 ("And 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business' will be 'so substantial and of such a nature as to render the corporation at home in that State' only in 'exceptional' cases."); *Thompson v. Carnival Corp.*, 2016 WL 1242280 (S.D. Fla. March 30, 2016) (general personal jurisdiction did not exist for cruise ship passenger's claim against St. Kitts concessionaire operator--notwithstanding foreign excursion operator's connection to Florida including contractual relationship with Florida-based cruise lines, possessing Florida Bank accounts, members of the Florida Caribbean Cruise Association, entered into agreements to indemnify cruise lines and agreements containing a forum selection clause for cruise line disputes, excursion operator was not deemed to be "at home" in Florida for purposes of general jurisdiction as enunciated in *Daimler*); *Waite v. All Acquisition Corp.*, 2016 WL 234678 * 3 (S.D.Fla. March 10, 2016) ("The Supreme Court has explained the general jurisdiction analysis as follows: "[T]he proper inquiry, this Court has explained, is whether a foreign corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State'" and "the Eleventh Circuit has made clear that sales and marketing efforts, even together with holdings in and operations in Florida, are insufficient to render a non-resident company at home in Florida"); *Carmouche v. Tarborlee Mgt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015) ("A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or place of business");

*Schulman v. Institute for Shipboard Education*, 2015 WL 489659 (11th Cir. Aug. 18, 2015) (defendant's connections to Florida which were limited to distribution agreements with dealers there, marketing efforts and attendance at a trade show were far less substantial than those the Supreme Court rejected as insufficient for general personal jurisdiction in *Daimler*) and *Aronson v. Celebrity Cruise, Inc.*, 30 F.Supp.3d 1379 (S.D. Fla. 2014) (general personal jurisdiction did not exist over cruise passenger's claim against Dominican excursion operator given *Goodyear's* and *Daimler's* heightened general personal jurisdiction standard even though the defendant had engaged in a series of business-related contacts with Florida-based cruise lines, had been paid from wire transfers from Florida banks, had submitted bids and tour proposal to Florida-based cruise lines, had attended trade conferences and had met with cruise line executives and was a member of the Florida Caribbean Cruise Association).

The Declaration of Roland Clarke establishes:  that MCL does not have any meaningful contacts with the state of Florida, let alone "continuous and systematic contacts"; that MCL cannot be deemed to be "at home" as required by the United States Supreme Court before general personal jurisdiction can be asserted over a nonresident and that MCL has no meaningful contacts with the state of Florida which could be considered to be "closely approximat[ing] the activities that ordinarily characterize a corporation's place of incorporation or principal place of business" that would justify the exercise of general personal jurisdiction over it.  *Carmouche*, 789 F.3d at 1205.  Indeed, federal courts sitting in this district have dismissed claims for lack of general jurisdiction against foreign defendants who had much greater contacts with the State of Florida

than those now alleged against MCL.  *Carmouche,* 789 F.3d 1201; *Schulman,* 2015 WL 489659; *Thompson,* 2016 WL 1242280 and *Aronson,* 30 F.Supp.3d 1379.

MCL has met its initial burden of establishing that it has no contacts with the state of Florida which would allow this Honorable Court to fairly exercise general personal jurisdiction over it.  (Exhibit "A").  KASE's Complaint must, therefore, be dismissed for lack of general personal jurisdiction.  *Id.*

**IV.   KASE Fails to State a Cause of Action Against MCL in Count I for Negligence**

In Count I of his Complaint, KASE alleges negligence against CARNIVAL and MCL.  (D.E. 1, ¶¶64-69).  KASE, however, fails to plead the requisite ultimate fact establishing that MCL owed him a legal duty under the circumstances alleged.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 544, 556 (2000) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

In paragraph 66 of his Complaint, KASE sets forth a litany of conclusory allegations with respect to MCL and its alleged failure to warn and/or provide a safe shore excursion.  Nowhere in his Complaint, however, does KASE allege that MCL actually operated the "Flow Rider" attraction in issue.  Moreover, KASE fails to allege any facts which would establish that MCL owed KASE a duty with respect to the "Flow Rider" attraction.  Accordingly, Count I of KASE's Complaint against MCL for Negligence must be dismissed.  *Id.; See also, Brown*, 2016 WL 4613385 at *3 (granting Carnival's Motion to Dismiss on the grounds that the plaintiff failed to plead at the appropriate duty of care).

13

V. **KASE Fails to State a Cause of Action Against MCL in Count III for Joint Venture Between CARNIVAL and MCL**

In Count III of his Complaint, KASE alleges joint venture between CARNIVAL and MCL.  (D.E. 1, ¶¶77-89).  KASE, however, fails to plead the requisite ultimate fact establishing that a joint venture existed between CARNIVAL and MCL.

In *Brown*, 2016 WL 4613385, this Honorable Court confronted the very issue that is now presented.  This Honorable Court granted Carnival's Motion to Dismiss the plaintiff's claims for joint venture upon the basis that the plaintiff had not sufficiently alleged that Carnival and the defendant tour operators were engaged in a joint venture. *Id.* at *4.

Like the plaintiffs in *Brown*, KASE has failed to sufficiently allege a plausible claim against MCL for a joint venture theory of liability.  Indeed, as noted in the negligence argument in Section IV, *supra*, KASE has not (and respectfully, cannot) allege that CARNIVAL and MCL were involved in a joint venture with respect to the operation of the "Flow Rider" attraction on which KASE was allegedly injured.  Accordingly, Count III of KASE's Complaint must be dismissed.  *Id.*

VI. **KASE Fails to State a Cause of Action Against MCL in Count IV for Third Party Beneficiary**

In Count IV of his Complaint, KASE alleges that he is a third party beneficiary to a contract between CARNIVAL and MCL.  (D.E. 1, ¶¶90-94).  Consistent with the reasoning set forth in Sections III and IV, *supra*, KASE does not allege any contracts entered into between CARNIVAL and MCL which relate and/or pertain to the operation of the "Flow Rider excursion" in issue.  Accordingly, KASE has failed to allege a proper cause of action against MCL for third party beneficiary, including, but not limited to, the

element of intent on the part of CARNIVAL and/or MCL to benefit KASE with respect to the subject "Flow Rider" attraction in issue.  *See Brown*, 2016 WL 4613385 at *5.

## **CONCLUSION**

For the foregoing reasons and authorities cited, KASE's Complaint against MCL must be dismissed for insufficient process and/or service of process.  Furthermore, KASE's Complaint must be dismissed for lack of personal jurisdiction and/or general jurisdiction.  Lastly, all Counts of KASE's Complaint against MCL must be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

MARLOW, ADLER, ABRAMS
   NEWMAN & LEWIS

/s/ Bruce R. Marx_____
BRUCE R. MARX
Florida Bar No. 0914177
4000 Ponce de Leon Boulevard, Suite 570
Coral Gables, Florida 33146
Tel: (305) 446-0500
Fax: (305) 446-3667
Email:  bmarx@marlowadler.com

CASE NO.: 16-CIV-23570-UU

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 14th day of September, 2016 via e-mail to: Louis A. Vucci, Esq., LOUIS A. VUCCI, P.A., Attorney for Plaintiff, 8101 Biscayne Boulevard, Suite 311, Miami, FL 33138, email: louis@thevuccilawgroup.com; Eduardo J. Hernandez, Esq., BROWN & HERNANDEZ, LLC, 4000 Ponce de Leon Blvd., Suite 470, Coral Gables, FL 33416, email: ehernandez@brownhernandez.com; Jeffrey E. Foreman, Esq., Darren W. Friedman, Esq., Jesse L. Shurman, Esq., FOREMAN FRIEDMAN, PA, Attorney for Carnival, One Biscayne Tower-Suite #2300, 2 South Biscayne Boulevard, Miami, FL 33131, email: jforeman@fflegal.com; mfonticiella@fflegal.com; dfriedman@fflegal.com; sargy@fflegal.com; sespino@fflegal.com; jshurman@fflegal.com; bmcgill@fflegal.com and Jeffrey A. Blaker, Esq., CONROY SIMBERG, Attorney for Margaritaville Holdings, LLC and Margaritaville Holdings II, LLC, 1801 Centrepark Drive East, Suite 200, West Palm Beach, FL 33401, email: jblaker@conroysimberg.com.

.

    MARLOW, CONNELL, ABRAMS
    ADLER, NEWMAN & LEWIS
    4000 Ponce de Leon Boulevard, Suite 570
    Coral Gables, Florida 33146
    Tel: (305) 446-0500
    Fax: (305) 446-3667
    e-mail: bmarx@marlowconnell.com
    By: /s/ Bruce R. Marx_____
        BRUCE R. MARX
        Florida Bar No. 0914177