UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-23570-UU

KINGDON KASE,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. D.E. 54.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

## BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint and Demand for Jury Trial. D.E. 45. Plaintiff, Kingdon Kase ("Plaintiff"), is an individual who was a paid passenger aboard Defendant, Carnival Corporation's ("Defendant") vessel, the *Carnival Pride*, during the relevant time period. *Id.* ¶ 30. Defendant owned, operated, managed, maintained, and/or controlled the *Carnival Pride*. *Id.* ¶ 28.

On August 19, 2015, Plaintiff participated in a tourist resort/restaurant facility shore excursion in Turks and Caicos. *Id.* ¶ 40. Defendant, Grand Turk ("Grand Turk"), provided the shore excursion at issue to passengers onboard Defendant's ship. *Id.* ¶¶ 3, 12. While on the shore excursion, Plaintiff participated in the "Flow Ride" attraction at the facility. *Id.* ¶ 57. After one half hour of "body surfing" at the attraction, Plaintiff was told to "stand" on the "surf

1

board." *Id.* Following the instructor's orders, Plaintiff stood up on the simulated "surfboard" and immediately fell backwards and fractured his neck. *Id.* As a result of the fall, Plaintiff sustained severe injuries, including a vertebral fracture in his cervical spine. *Id.* ¶ 58.

Plaintiff alleges that Defendant recommended the purchase of the shore excursion to Plaintiff, and the excursion was arranged for, sponsored, recommended, operated, marketed, and/or sold by Defendant as a part of the cruise. *Id.* ¶ 40. However, Defendant never disclosed to its passengers, including Plaintiff, the physical challenges required and the dangers that may be encountered during the excursion. *Id.* ¶ 49. Further, Defendant did not provide any restrictions or warnings to its passengers, including Plaintiff, regarding the health or safety concerns for passengers related to the excursion. *Id.* ¶ 50.

## PROCEDURAL HISTORY

On August 18, 2016, Plaintiff filed his Complaint against Defendant, asserting the following claims: (I) Negligence, (II) Apparent Agency or Agency by Estoppel, (III) Joint Venture, and (IV) Third-Party Beneficiary. On September 14, 2016, Defendant filed its Amended Motion to Dismiss Plaintiff's Complaint. D.E. 23. In its Motion, Defendant moved to dismiss each of Plaintiff's claims on the grounds that he failed to state a cause of action under Federal Rule of Civil Procedure 12(b)(6). D.E. 23.

On October 19, 2016, this Court issued her Order on Defendant's Amended Motion to Dismiss Plaintiff's Complaint, and granted the Motion in part and denied the Motion in part. D.E. 42. Specifically, the Court denied Defendant's Motion to Dismiss Counts I, II, and III. *Id.* The Court dismissed Count IV without prejudice and granted Plaintiff leave to amend his Complaint to assert a claim for negligent retention and supervision, as well as to assert a claim for third-party beneficiary. *Id.*

On October 27, 2016, Plaintiff filed his First Amended Complaint and Demand for Jury Trial.  D.E. 45.  On November 7, 2016, Defendant moved to dismiss Plaintiff's claim for negligent hiring and supervision and Plaintiff's claim for third-party beneficiary, re-raising similar arguments that it raised in the initial Motion to Dismiss.  D.E. 54.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a plaintiff's pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has stated that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In considering a motion to dismiss for failure to state a cause of action, the "plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).  Although "[a] plaintiff need not plead 'detailed factual allegations[,] . . . a formulaic recitation of the elements of a cause of action will not do,'" and the plaintiff must offer in support of its claim "sufficient factual matter, accepted as true, to 'raise a right to relief above the speculative level.'"  *Simpson*, 744 F.3d at 708 (quoting *Twombly*, 550 U.S. at 555)).

## ANALYSIS

In its Motion to Dismiss Plaintiff's First Amended Complaint, Defendant argues that Plaintiff fails to state a claim for negligent retention and supervision and third-party beneficiary. The Court considers Defendant's arguments pertaining to each claim. D.E. 54.

**1.      Negligent Retention and Supervision**

In a blanket and conclusory manner, Defendant argues that Plaintiff has failed to state a claim for negligent retention and supervision because Plaintiff failed to allege any facts in support of his allegations that the independent contractor was not sufficiently trained or that the contractor's supervision over Plaintiff was inadequate at the time of Plaintiff's injuries. In response, Plaintiff argues that he alleged the ways in which Defendant was incompetent and unfit in the subsections of paragraph 67 within Plaintiff's First Amended Complaint. D.E. 45 ¶ 67. Plaintiff further argues that in accepting all allegations within his Amended Complaint as true, the Court should find Plaintiff has stated a plausible claim.

To state a claim for negligent hiring or retention against a shipowner, a plaintiff must plead that the excursion company "was incompetent or unfit to perform the work, that the [shipowner] knew or reasonably should have known of the particular incompetence or unfitness, and that such incompetence or unfitness proximately caused his injuries." *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-CIV, 2012 WL 2049431, at *5 (S.D. Fla. June 5, 2012) (citing *Smolnokar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011)).

The Court disagrees with Defendant's arguments and finds that Plaintiff has sufficiently stated a claim for negligent retention and supervision. Upon review of the First Amended Complaint, it is clear that Plaintiff explicitly enumerated the ways in which the independent

contractor was unfit and incompetent. Accordingly, the Court finds that such a claim is sufficiently pleaded for purposes of this motion to dismiss.

### 2.   Third-Party Beneficiary

Defendant argues that Plaintiff's third-party beneficiary claim should be dismissed because: (1) Plaintiff has failed to allege any contractual obligations owed to passengers by Defendant, and (2) Plaintiff has failed to adequately allege that he was an intended beneficiary of a contract. D.E. 54. In response, Plaintiff argues that he has sufficiently pleaded the elements necessary for a third-party beneficiary of a contract claim as follows: (1) the existence of a contract between Carnival and Grand Turk to provide shore excursions for passengers on board Defendant's ship (D.E. 45 ¶ 90); (2) the expressed or implied intent that the contract primarily and directly benefitted Plaintiff, as Defendant's passenger (*Id.* ¶ 91); (3) the breach of the contract by Defendant and Grand Turk (*Id.* ¶ 92); and (4) Plaintiff's damages resulting from the breach. *Id.* ¶ 80.

To properly plead a third-party beneficiary claim, a plaintiff must allege: (1) the existence of a contract to which Plaintiff is not a party; (2) an intent, either expressed by the parties or in the provisions of the contract, that the contract primarily and directly benefitted Plaintiff; (3) breach of the contract; and (4) Plaintiff's damages resulting from the breach. *Lapidus v. NCL Am., LLC*, 12-21183-CIV, 2012 WL 2193055, at *6 (S.D. Fla. 2012).

Here, the Court agrees with Plaintiff that he has sufficiently pleaded the elements necessary to state a plausible claim as a third-party beneficiary of the contract between Defendant and Grand Turk. In his First Amended Complaint, Plaintiff identifies the provisions of the contract, which are intended to benefit passengers such as Plaintiff. D.E. 45 ¶ 77. Accordingly, Defendant's Motion to Dismiss Count IV is denied. It is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (D.E. 54) is DENIED. It is further

ORDERED AND ADJUDGED that Defendants SHALL file their Answer to Plaintiff's First Amended Complaint (D.E. 45) no later than **Friday, December 16, 2016**.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of December, 2016.

*[signature]*

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf